UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | Case No. 1:17-CR-030 |
| v. | ) | |
| | ) | |
| Michael Markus | ) | |
| Defendant | ) | |

**SUPPLEMENTAL FACTS IN SUPPORT OF MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

_____

Mr. Michael Markus, by counsel, hereby requests that this Court consider additional facts in support of his previously filed Motion for Modification of Conditions of Release (Docket No. 116) and Supplemental Exhibit (Docket No. 117). As a supplement to the motion filed on July 20, 2017, Mr. Markus states the following:

1. On August 4, 2017, this Court granted Mr. Markus' Motion for Modification of Conditions of Release in part (Docket No. 119). The Court reserved ruling on Mr. Markus' request for permission to relocate to Cheyenne, Wyoming pending an investigation by Pretrial Services and response from the United States. The Court did not give a deadline for Pretrial Services to complete their investigation or for the United States to respond to Mr. Markus' request;

2. Counsel for Mr. Markus emailed the United States on July 5, 2017 regarding the conditions of Mr. Markus' release and to ask whether the United States would have an objection to Mr. Markus' request to relocate to Wyoming. Counsel

1

provided the government with a copy of the letter attached as Exhibit 4 to the Motion to Modify Conditions of Release;

3. Counsel filed the Motion to Modify Conditions of Release on July 20 after the government did not respond to counsel for two weeks;

4. The Court issued it's ruling on August 4, which permitted Mr. Markus to attend his Sundance Ceremony in South Dakota August 6-13, 2017;

5. Mr. Markus attended the ceremony in South Dakota and returned to Bismarck as ordered by the Court. He checked in with Pretrial Services on Monday, August 14;

6. As demonstrated by his compliance with the Court's August 4 order, Mr. Markus has the means and ability to return to Court from Wyoming if he is permitted to relocate from the Bismarck area;

7. John Murphy is lead counsel for Mr. Markus. His practice is based in Rapid City, South Dakota approximately four and a half hours from Cheyenne, Wyoming;

8. Sandra Freeman is co-counsel for Mr. Markus. Her practice is based in the Denver Metropolitan area approximately one and a half hours from Cheyenne, Wyoming;

9. Mr. Markus will continue to abide by all conditions recommended by Pretrial Services and imposed by this Court.

For the foregoing reasons, those previously stated in the motion filed on July 20, 2017, and any others that may appear to this Court, Mr. Michael Markus hereby requests that this Court grant his request and modify the travel restrictions set forth in condition #6 of the order of release entered on June 22, 2017 so that Mr. Markus can live in a safe

environment, attend religious ceremonies, and maintain employment as he awaits trial in this matter. Mr. Markus further requests that this Court provide a deadline for both a response from the United States and the investigation by Pretrial Services ordered on August 4, 2017.

Respectfully Submitted,
MICHAEL MARKUS
By Counsel

Dated: <u>August 28, 2017</u>          /s/ *Sandra Freeman*
Sandra C. Freeman, Esq.
5023 W. 120th Avenue, #280
Broomfield, Colorado 80020
720-593-9004 (office)
303-468-9547 (fax)
sandra.c.freeman@protonmail.com

CERTIFICATE OF SERVICE

I, Sandra Freeman, hereby certify that I served a true and correct copy of the foregoing document upon the person(s) herein next designated, on the date shown below, by electronically delivering the same at his/her/their last known address(es), to wit: GARY DELORME, ASSISTANT U.S. ATTORNEY

Dated August 28, 2017.          /s/ *Sandra C. Freeman*_____
                                 Sandra C. Freeman